470 P.2d 106

**ARIZONA STATE LIQUOR BOARD, a body politic of the State of Arizona, Appellant,**

v.

**Carl J. SLONSKY, dba Lil's Big Shot, Appellee.**

**No. 9882.**

Supreme Court of Arizona,
In Banc.
June 4, 1970.

Gary K. Nelson, Atty. Gen., by T. M. Pierce, Asst. Atty. Gen., Phoenix, for appellant.

Kanne & Bickart, by Allen B. Bickart, Phoenix, for appellee.

HAYS, Justice.

This is an appeal by the Arizona State Liquor Board, defendant below, from a superior court judgment ordering the defendant Liquor Board to grant plaintiff Carl J. Slonsky's application for transfer of his beer and wine liquor license. The superior court's judgment overruled a previous Liquor Board decision which had denied Slonsky's application for transfer. On April 23, 1968, the superior court entered a formal order and judgment which granted plaintiff Slonsky's application to transfer his liquor license. The Liquor Board filed a motion to vacate the judgment on April 30, 1968, and the motion was summarily denied by a minute entry order on May 3, 1968. On June 28, 1968, the defendant Liquor Board filed a notice of appeal, after which opposing briefs were filed. A formal denial of defendant's motion to vacate judgment was not entered until June 18, 1969, and seven days later defendant filed a notice of appeal both from the superior court's judgment of April 23, 1968, and the order of June 18, 1969, denying defendant's motion to vacate judgment.

Plaintiff contends that the defendant Liquor Board failed to properly perfect its appeal. He asserts that since defendant's notice of appeal of June 28, 1968, appealed only the superior court's judgment of April 23, 1968, and not the court's denial of the defendant's motion to vacate judgment, the appeal did not comply with the time requirements of Ariz.Rules Civ.Proc. 73(b), 16 A.R.S. because it was filed more than sixty days from the date of entry of judgment.

Rule 73(b), supra, enumerates the motions which extend the time in which the notice of appeal may be filed beyond sixty days from the entry of judgment. A "motion to vacate judgment" is not one of the motions enumerated, hence the filing of such motion does not extend the time.

It is ordered that the appeal be dismissed.

LOCKWOOD, C. J., STRUCKMEYER, V. C. J., and UDALL and McFARLAND, JJ., concur.