534 P.2d 763

**Gale Arlene SPRADLING, Appellant,**

v.

**RURAL FIRE PROTECTION COMPANY, an Arizona Corporation, Appellee.**

**No. I CA–CIV 2260.**

Court of Appeals of Arizona, Division 1, Department C.

May 1, 1975.

Rehearing Denied June 2, 1975.

Review Denied July 8, 1975.

**550**

---

Hughes & Hughes, P. C., by Coit I. Hughes, Phoenix, for appellant.

Snell & Wilmer by Bruce Norton, Phoenix, for appellee.

## OPINION

WREN, Judge.

This appeal raises the question as to whether a "motion to reconsider" extends the time for filing an appeal under Rule 73(b), Rules of Civil Procedure, 16 A.R.S. We believe it does not, and that appellant's appeal must therefore be dismissed for lack of jurisdiction.

On February 16, 1972, appellant, Gale Spradling (Spradling), brought a wrongful death action against appellee, Rural Fire Protection Company (Rural). The complaint alleged negligent failure to equip with safety belts, a fire truck from which her husband was thrown when it collided with a car.

Rural moved to dismiss the complaint for lack of jurisdiction on the ground that Rural was the decedent's "statutory employer" under A.R.S. § 23–902 of the Arizona Workmen's Compensation Act. The motion was granted by the trial court, and Spradling thereafter filed a motion to reconsider. Subsequently, on August 4, 1972, the trial court embodied its previous order dismissing Spradling's action in a written judgment, which was made final pursuant to Rule 54(b), Rules of Civil Procedure.

The trial court reaffirmed its decision dismissing Spradling's claim against Rural by minute order entered September 13, 1972. On November 13, 1972, the trial court denied Spradling's motion to reconsider, and she thereafter filed her notice of appeal the same day.

Rule 73(b) provides that a notice of appeal must be filed within sixty days from the entry of judgment, unless otherwise provided by law. Spradling's notice of appeal was filed more than ninety days after the entry of the judgment. Therefore, her appeal must be dismissed unless her motion to reconsider extended the allowable time.

Rule 73(b)(2) enumerates the specific motions which extend the allowable time for appeal beyond the sixty-day limit.[1] A motion to reconsider is not one of the listed motions.[2] However, Spradling argues that a motion to reconsider does extend the time for appeal since it is a motion within the purview of Rule 59, Rules of Civil Procedure. Specifically stated, Spradling argues that a motion to reconsider is encompassed within either a motion for a new trial (Rule 59(b)), or a motion to alter or amend the judgment (Rule 59(*l*)), both of which are specifically listed under Rule 73(b)(2). In support of her contention, Spradling cites case authority under the Federal Rules of Civil Procedure, 28 U.S.C. *E. g.,* Gainey v. Brotherhood of Railway & Steamship Clerks, etc., 303 F.2d 716 (3rd Cir. 1962).

Rural, on the other hand, asserts that Spradling's interpretation of the law under the federal rules is contra to the law in Arizona, as expressed in Arizona State Liquor Board v. Slonsky, 106 Ariz. 25, 470 P.2d 106 (1970).

In *Slonsky,* the issue was whether a motion to vacate a judgment extended the

---

1. Rule 73(b)(2) specifies that the time for appeal is extended by a timely motion: (1) for a judgment notwithstanding the verdict; (2) to amend or make additional findings of fact; (3) to alter or amend the judgment; and (4) for a new trial.

2. In spite of its rather prevalent use, it is interesting to note that the Rules of Civil Procedure contain no specific provision for a motion to reconsider.

time for filing an appeal under Rule 73(b). The court reasoned as follows:

> "Rule 73(b), supra, enumerates the motions which extend the time in which the notice of appeal may be filed beyond sixty days from the entry of judgment. A 'motion to vacate judgment' is not one of the motions enumerated, hence the filing of such motion does not extend the time." 106 Ariz. at 25, 470 P.2d at 106.

Spradling's attempt to distinguish *Slonsky* is in our opinion, without substance. We believe the rationale of *Slonsky* to be controlling here. Since a motion to reconsider is not one of the enumerated motions under Rule 73(b), it does not extend the time within which an appeal must be made. Moreover, a motion to reconsider is not in itself an appealable order. *See* Reidy v. O'Malley Lumber Co., 92 Ariz. 130, 374 P. 2d 882 (1962).

The appeal is dismissed.

NELSON, P. J., concurs.

FROEB, Judge (dissenting).

In a motion for summary judgment, the court "tries" issues of law, though not issues of fact. The purpose of Rule 59 is to allow an aggrieved party to seek relief from a judgment which materially affects his rights. The fact that the prevailing party recovers judgment in a summary proceeding pursuant to Rule 56 does not mean that it cannot be reviewed by the trial court by a motion under Rule 59. In my opinion it is the intention of Rule 59 to include a motion to vacate a summary judgment. This has been the interpretation consistently placed upon Rule 59 of the Federal Rules of Civil Procedure. See, for example, Gainey v. Brotherhood of Railway & Steamship Clerks, *supra*. It would seem strange indeed to leave summary judgments out of rule 59 when other judgments are included. In my opinion the holding of Arizona State Liquor Board v. Slonsky, *supra,* is not applicable to this case, primarily because it did not deal with whether a summary judgment can be time-ly vacated by the trial court pursuant to Rule 59. Although it is true there is no mention in either Rule 59 or Rule 73(b) of a "motion to reconsider," a party seeking to vacate a summary judgment is placed in a semantic dilemma as to whether to call the motion a "motion for new trial" when a full trial in the usual sense is not what he seeks, or to call it by some other name, such as a "motion to reconsider." I believe appellant in this case presented a motion which is encompassed by Rule 73(b) because it is tantamount to a "motion for new trial" under Rule 59.