537 P.2d 595

Thomas C. MAGANAS, Appellant,

v.

Porter NORTHROUP and Edith Northroup, and Transamerica Title Insurance Company of California, a California Corporation, Appellees.

No. 11689.

Supreme Court of Arizona, In Division.

June 26, 1975.
Rehearing Denied Sept. 16, 1975.

David W. Adler, Richard J. Rubin, Phoenix, for appellant.

Jennings, Strouss & Salmon by Lee E. Esch, Phoenix, for appellees.

STRUCKMEYER, Vice Chief Justice.

This is an appeal by Thomas C. Maganas from a summary judgment and from an order denying his motion for a new trial. Jurisdiction was acquired on transfer from the Court of Appeals pursuant to 17A, A. R.S., Supreme Court Rule 47(e)(5).

Appellees, Porter and Edith Northroup, licensed in Arizona as real estate brokers, held a listing from Mary Martori for property called the "Mary E" ranch. Mary Martori was the sole stockholder of the common stock of the Fred G. Hilvert Co., Inc., the corporate owner of the ranch. The Northroups contacted D. C. McCredie, a California real estate broker, and his licensed salesman, appellant Thomas C. Maganas, to assist in finding a purchaser. After three years, Maganas secured in California a buyer who responded to an advertisement placed in a California newspaper by McCredie and Maganas. An escrow was opened with an agreement that all the assets of the Hilvert Corporation would be disposed of except the "Mary E" ranch and then the corporate stock of that company would be transferred to the buyer. The escrow instructions also provided for a commission of $62,500.00 to be divided, one-third to the Northroups and the remaining two-thirds to be paid 40% to McCredie and 60% to Maganas. Appellant was not paid his percentage of the fee as agreed in the escrow instructions. He asked that Transamerica Title and Insurance Company, the escrow company, be held as a trustee of the real estate commission and for exemplary damages for negligent breach of the escrow agreement.

Appellees moved for summary judgment in the trial court, urging that Maganas was not a licensed real estate broker or salesman in Arizona and, hence, barred by statute from recovering in an action for collection of a real estate commission, or, alternatively, if the transaction was one of the sale of stock, be barred from collecting a commission because of noncomplaince with the licensing provisions of Arizona's securities laws. Appellees' motion for summary judgment was granted.

Prior to accepting transfer to this Court the Court of Appeals denied by a written

order a motion by appellees to dismiss the appeal as untimely. Appellees have renewed the motion to dismiss in their brief on appeal, requesting reconsideration of the question.

■ The first question to which we therefore address our attention is whether a motion for a new trial directed against a summary judgment defers the time of appeal until the ruling on the motion for new trial.

The chronology of this appeal is as follows:

April 20, 1972: The filing of a formal written order of Summary Judgment in favor of appellees.

April 24, 1972: The filing by appellants of Motion for a New Trial, pursuant to Rule 59(a), 16 A.R.S., Rules of Civil Procedure.

August 11, 1972: Filing of a formal written order denying the Motion for a New Trial.

September 20, 1972: The appeal was perfected.

Arizona's Rules of Civil Procedure, Rule 59(a)(8), 16 A.R.S., provides:

"(a) A verdict, decision or judgment may be *vacated* and a new trial granted on motion of the aggrieved party for any of the following causes * * *.

8. That the verdict, decision, findings of fact, or judgment is not justified by the evidence or is contrary to law." (Emphasis added)

The Court of Appeals noted that Federal Rule 59 on motions for new trial is worded entirely differently from the Arizona statute. It commented:

"If the summary judgment is contrary to law, is the losing party deprived of the right to try to persuade the trial judge of his error solely because there was no 'trial' in the conventional sense of the use of that term? We think not. We believe that it is unrealistic to hold that the remedy after a summary judgment is only by appeal."

We agree with the Court of Appeals. Litigation should be concluded where possible in the trial court without appeal. To that end, a litigant should be given the opportunity to persuade the trial court of its error. We do not agree with appellees' assertion that Rule 59(*l*) permits the vacation of an adverse judgment. Rule 59(*l*) refers only to a motion to alter or amend a judgment. The grounds for *vacation* of a judgment are set forth in the emphasized language of Rule 59(a), quoted *supra*. We therefore hold that a motion for new trial may be directed against a summary judgment and that the filing of such a motion extends the time to appeal under Civil Rule 73(b)(2)(iv), 16 A.R.S.

■ The second question, and the one which we think is determinative of this appeal, is whether appellant is barred from collecting a commission because of noncompliance with licensing provisions of Arizona's Securities Act. It is conceded by appellant that he was not a qualified or licensed real estate salesman in the State of Arizona under A.R.S. § 32–2152, *and see* Foster v. House Beautiful Homes, Inc., 78 Ariz. 406, 281 P.2d 116 (1955), at the time of the sale of the "Mary E" ranch. However, it was settled in Zugsmith v. Mullins, 81 Ariz. 33, 299 P.2d 629 (1956), *modified on rehearing*, 81 Ariz. 185, 303 P.2d 261 (1956), that under §§ 44–1841 and 44–1842, prohibiting the sale of unregistered securities, their provisions do not apply to sales under § 44–1844(3). Section 44–1844(3) provides that a sale of securities in good faith, and not for the purpose of avoiding the provisions of Ch. 12 of Title 44, the Securities Act, by the bona fide owner in an isolated transaction is exempt from the prohibitions contained in §§ 44–1841 and 44–1842.

In Zugsmith v. Mullins, the Court answered the precise question raised in this appeal. The issue presented to the Court was:

"In his first assignment of error Zugsmith, appellant herein, claims the court erred in granting judgment n.o.v. for de-

fendant Mullins based upon the ground that the plaintiff did not have a broker's or dealer's license under the Arizona Securities Act and therefore could not legally represent defendants as agent or dealer in the sale of stock of the two corporations operating under the name of KPHO–TV and KPHO Radio Stations and consequently could not collect a commission for such sale. On the other hand it is urged by appellant that this type of transaction is specifically exempted from the operation of the Securities Act."

We held:

"The fact is this type of transaction, so far as plaintiff is concerned, does not fall within the operation of the act [Securities Act] at all."

While the court acknowledged that under Zugsmith's contract he did not agree to sell stock for the defendants, it commented:

"They [the sellers] chose to assign their stock in the two corporations to the purchasers rather than to convey the physical property of the two stations by deed, bill of sale, etc. The owners had a legal right to sell their stock in said corporations under the provisions of section 53–1405(c), 1952, A.C.A.1939 [A.R.S. § 44–1844]. Therefore there was nothing whatever illegal about the transaction."

Appellee argues that the court in Zugsmith did not reach the question whether his commission should have been defeated because he was not licensed as a real estate broker. It is apparent from the opinion that the question was not reached for the reason that Zugsmith's theory of the case allowed recovery as a sale of exempted securities. Whether he could or could not recover on some other theory was immaterial.

The summary judgment is ordered vacated with directions to proceed in accordance with this decision.

CAMERON, C. J., and HAYS, J., concur.