562 P.2d 399
In the Matter of the ESTATE of Peter BALCOMB, Deceased.

Alexander RUSSIN, Appellant,

v.

Mildred McDONALD, Appellee.

No. 1 CA–CIV 2804.

Court of Appeals of Arizona,
Division 1,
Department A.

March 15, 1977.

John G. Thomas, P. C., by John G. Thomas, Scottsdale, for appellant.

Platt & Platt by Mitchel D. Platt, St. Johns, for appellee.

## OPINION

WREN, Judge.

This appeal arose out of an action brought by the appellee, Mildred McDonald, against the estate of Peter Balcomb to compel the administrator, Alexander Russin, to convey certain real property to appellee. The trial court issued an order on July 3, 1973 directing that the land be conveyed. On July 13, 1973, Frances Balcomb, the surviving spouse of Peter Balcomb, and

Katherine Joy Balcomb filed a Motion to Vacate Order Compelling Conveyance; Motion for Rehearing and Motion to Quash Amended Petition to Compel Conveyance. On July 16, Alexander Russin, the appellant, filed a motion to join in the July 13 motions and also filed his own Motion for Rehearing and Motion for Reconsideration of Denial of Request for Change of Judge. On March 29, 1974, the court entered an order denying all the above-mentioned motions, and reaffirming the July 3 judgment. On May 14, the appellant filed a Notice of Appeal from the March 29 order.

The issue that must be resolved before any consideration of the merits of the appeal is whether this Court has jurisdiction to consider the appeal. Appellee urged in a Motion to Dismiss that the Notice of Appeal was not timely filed.

Appellant's Notice of Appeal recited that he was appealing "from the Court order entered . . . on the 29th day of March, 1974." The appeal was not taken from the July 3 judgment ordering conveyance of the property. Our inquiry, therefore, is directed toward the question of whether the March 29 order was an appealable order and whether appellant could appeal from it.

▮ Initially we note that none of the motions can be considered as motions made pursuant to Rule 60(c)[1] of the Arizona Rules of Civil Procedure, 16 A.R.S. See contra, *Gibbons v. Badger Mutual Insurance Co.*, 11 Ariz.App. 485, 466 P.2d 36

---

1. "60(c) *Mistake; inadvertence; surprise; excusable neglect; newly discovered evidence; fraud, etc.* On motion and upon such terms as are just the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(d); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment on which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have pro-

spective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than six months after the judgment, order or proceeding was entered or taken. A motion under this subdivision does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order or proceeding, or to grant relief to a defendant served by publication as provided by Rule 59(j) or to set aside a judgment for fraud upon the court. The procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action."

(1970). We do not read the provisions of Rule 60(c) to encompass situations where a party merely asks the trial court to reconsider previous legal and evidentiary rulings. Appealability cannot, therefore, be based on A.R.S. § 12–2101 C which makes appealable any special order made after final judgment and has been interpreted as authorizing appeals from orders made pursuant to Rule 60(c).

■ Appellant's Motion for Rehearing, his motion joining in Frances and Katherine Balcomb's motion, and his motion seeking reconsideration of the denial of a change of judge were not filed until July 16, 1973. These motions were untimely since all authorized post-judgment motions were at the time required to be filed within 10 days of the entry of final judgment.[2] Rules 50(b), 52(b), 59(d) and (*l*). This 10 day period cannot be enlarged, Rule 6(b), and the trial judge was without power to rule on these motions. *Edwards v. Young*, 107 Ariz. 283, 486 P.2d 181 (1971).

■ The only timely post-judgment motions were those filed by Frances and Katherine Balcomb. We believe that appellant may nevertheless appeal from the order denying them (if that order is appealable) because he was a "party aggrieved" by the court's order.

■ It is essential to appellate jurisdiction that the appellant be a "party aggrieved" by the judgment or order from which the appeal is taken. Rule 73(a), Rules of Civil Procedure, 16 A.R.S.; *Farmers Insurance Group v. Worth Insurance Co.*, 8 Ariz. App. 69, 443 P.2d 431 (1968). The administrator of an estate is the proper representative of the parties interested therein and where the estate's interests are involved, he

may sue and be sued and may bring appeals. Since he must be considered a party aggrieved by a court order affecting the estate, *In re Balke's Estate*, 68 Ariz. 373, 206 P.2d 732 (1949); *In re Estate of McCabe*, 11 Ariz.App. 555, 466 P.2d 774 (1970), appellant could appeal from the order denying the motions although not a party to them.

■ Finally, we must determine whether the order denying the motions was an appealable order. The right to an appeal exists only where expressly and affirmatively granted by statute. *Ginn v. Superior Court, In and For County of Pima*, 1 Ariz. App. 455, 404 P.2d 721 (1965). The only arguable statutory authorization for appealing the denial of these motions would be A.R.S. § 12–2101 F(1). That section authorizes an appeal "From an order: 1. Granting or refusing a new trial. . . ." Our inquiry resolves itself to answering the question of whether or not the Motion to Vacate Order Compelling Conveyance; Motion for Rehearing and Motion to Quash Amended Petition to Compel Conveyance was a new trial motion. We have concluded that it was not.

We believe that the cases of *Arizona State Liquor Board v. Slonsky*, 106 Ariz. 25, 470 P.2d 106 (1970); and *Spradling v. Rural Fire Protection Company*, 23 Ariz.App. 549, 534 P.2d 763, review denied (1975), compel this result, although the issues in those cases differed somewhat from the situation here.

In *Arizona State Liquor Board v. Slonsky, supra*, the issue presented was whether a "motion to vacate" is one of the Rule 73(b)[3] motions which extend the time for

---

2. Rules 50(b), 52(b), 59(d), 59(*l*) have since been amended to permit filing of the post-trial motions within 15 days after entry of judgment. See 16 A.R.S., 1976–1977 Cumulative Pocket Part.

3. Rule 73(b)2 provides:
 "2. The time for appeal is extended by a timely motion made pursuant to any of the Rules hereinafter enumerated, and the full time for appeal fixed in this subdivision commences

to run and is to be computed from the entry of any of the following orders made upon a timely motion under such Rules:
 (i) Granting or denying a motion for judgment under Rule 50(b).
 (ii) Granting or denying a motion under Rule 52(b) to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted.

**522**

filing an appeal. The Court held that it was not one of the enumerated motions and dismissed the appeal. In *Spradling v. Rural Fire Protection Company,* supra, a "motion to reconsider" was filed and appellant argued that in substance it constituted a Rule 59(a) motion or a Rule 59(*l*) motion to alter or amend judgment. Following the Supreme Court's decision in *Slonsky,* the Court held that a motion to reconsider is not an enumerated Rule 73(b) motion and therefore did not extend the time for appeal. The Court further held that the order denying the motion was not an appealable order.

Two further cases dealing with post-trial motions are noteworthy to the issue before us. In *Brooker v. Hunter,* 22 Ariz.App. 510, 528 P.2d 1269 (1974), opinion adopted by Supreme Court, 111 Ariz. 578, 535 P.2d 1051 (1975), the issue was whether the court had jurisdiction over the appeal. Appellees had argued that a motion denominated Motion for Reconsideration and New Trial was in essence a Rule 60(c) motion and did not extend the appeal time. The Court reviewed the motion and held that it was a Rule 59(a) motion for new trial and therefore extended the appeal time from the judgment. In *Maganas v. Northroup,* 112 Ariz. 46, 537 P.2d 595 (1975), the Supreme Court held that a motion for new trial is proper after a summary judgment and defers the time for filing an appeal. The Court also noted that a new trial motion is the only motion providing grounds for vacating a judgment. In both instances the motions were properly designated as motions for new trial. We do not believe that the holdings in *Arizona State Liquor Board v. Slonsky,* supra, or *Spradling v. Rural Fire Protection Company,* supra, were overruled or undermined by these subsequent decisions.

 While it is a general principle of law that form should not be exalted over substance, the clear import of *Slonsky* and *Spradling* is that an appellate court look only to the designation of the motion to determine if it is an enumerated Rule 73(b)

(iii) Granting or denying a motion under Rule 59(1) to alter or amend the judgment.

motion. In support of the rule it obviously was designed to amalgamate by commonly used terms the motions which extend the appeal time. From this we infer that only a motion designated "Motion for New Trial" can be considered a Rule 59(a) motion. The post-judgment motions filed in the instant case are therefore not Rule 59(a) new trial motions and the order denying them is not an appealable order under A.R.S. § 12–2101 F(1) or any other section.

The appeal is dismissed.

OGG, P. J., and DONOFRIO, J., concur.

(iv) Denying a motion for a new trial under Rule 59.