573 P.2d 485

Johnaquille J. HEGEL and Sierra National Corporation, Appellants,

v.

O'MALLEY INSURANCE COMPANY, INC., AGENTS AND BROKERS, an Arizona Corporation, Appellee.

No. 13223–PR.

Supreme Court of Arizona, In Banc.

Dec. 14, 1977.

Lewis & Roca by Gerald K. Smith, Phoenix, for appellants.

Richard J. Hertzberg, Phoenix, for appellee.

HOLOHAN, Justice.

Appellants, Johnaquille J. Hegel and Sierra National Corporation, filed an appeal from a judgment entered by the Superior Court against them and in favor of appellee, O'Malley Insurance Company, Inc., Agents and Brokers. After the appeal was docketed in the Court of Appeals, the appellee filed a motion to dismiss the appeal on the grounds that the notice of appeal had not been filed timely.

The Court of Appeals by written order granted the motion to dismiss the appeal. Rehearing was denied, and appellants petitioned for review. We accepted review.

The issue presented by this case is whether a motion styled "Motion to Vacate" with a reference to Rule 59(a), Rules of Civil Procedure, 16 A.R.S., in the text is sufficient to toll the appeal time under Rule 73(b), Rules of Civil Procedure, 16 A.R.S.

The time sequence in the Superior Court was that the final written judgment was entered on July 28, 1976; on August 9, 1976, appellants filed a motion styled "Motion to Vacate Judgment." The text of appellants' motion stated that it was being filed pursuant to Rule 59(a)(4), (6), and (8).* A formal written order denying the motion

---

\* Rule 59(a)(4), (6), and (8) provides:

New Trial; *amendment of judgment*

59(a) Procedure; grounds. A verdict, decision or judgment *may be vacated* and a new trial granted on motion of the aggrieved party for any of the following causes materially affecting his rights:

. . . . .

4. Material evidence, newly discovered, which with reasonable diligence could not have been discovered and produced at the trial.

6. Error in the admission or rejection of evidence, error in the charge to the jury, or in refusing instructions requested, or other errors of law occurring at the trial or during the progress of the action.

. . . . .

8. That the verdict, decision, findings of fact, or judgment is not justified by the evidence or is contrary to law. (Emphasis supplied.)

was filed on November 8, 1976; appellants' notice of appeal was filed December 6, 1976.

██ The Court of Appeals, basing its decision on *Arizona State Liquor Board v. Slonsky*, 106 Ariz. 25, 470 P.2d 106 (1970) dismissed appellants' appeal as untimely. In *Slonsky*, a motion to vacate a judgment was filed and denied. On appeal to this court, we held that such a motion was not among those specifically enumerated in Rule 73(b) and that the appeal time was consequently not tolled. We believe that a clarification of the views expressed in *Slonsky* and *Maganas v. Northroup*, 112 Ariz. 46, 537 P.2d 595 (1975) is necessary.

In *Maganas v. Northroup, supra,* we held that a motion for new trial may be directed against a summary judgment and that the filing of such a motion extends the time for appeal under Rule 73(b) Rules of Civil Procedure, 16 A.R.S. We noted that Rule 59(a) sets forth the grounds for *vacation* of a judgment.

We said in *Maganas v. Northroup, supra,* that Rule 59(a) actually speaks in terms of *vacation* of a judgment and granting a new trial. Although there is no trial in the strict sense of the word when summary judgment is granted, we held that a motion for new trial may be directed against a summary judgment and the filing of such a motion extends the time for appeal under Rule 73(b). We stated that the language of Rule 59(a) was broad enough to accommodate the policy that a litigant should be given the opportunity to persuade the trial court of its error before proceeding by appeal.

The appellant in *Maganas* styled the motion as one for a new trial. In the case at issue the motion is styled as one to vacate judgment. Does *Maganas* or *Slonsky* apply? The several departments of the Court of Appeals have divided on the issue. *Compare Matter of Estate of Balcomb,* 114 Ariz. 519, 562 P.2d 399 (App.1977) and *Spradling v. Rural Fire Protection Company,* 23 Ariz. App. 549, 534 P.2d 763 (1975) with *Brooker v. Hunter,* 22 Ariz.App. 510, 528 P.2d 1269 (1974), *aff'd. per curiam,* 111 Ariz. 578, 535 P.2d 1051 (1975) and *Ray Korte Chevrolet v.*

*Simmons,* 117 Ariz. 202, 571 P.2d 699 (App. 1977).

We believe that a logical extension of the holding in *Maganas* is that a motion to vacate a judgment can be considered as a motion for new trial if the motion states that it is brought pursuant to Rule 59(a). The notion that only the title of a motion must be examined appears to be contrary to the purpose of the Rules of Civil Procedure which is to insure that every action receives a just, speedy and inexpensive determination. Rule 1, Rules of Civil Procedure, 16 A.R.S. It would be the height of formalism to ignore the obvious intent and substance of a motion because it was inappropriately titled.

Counsel, of course, have the obligation and burden of filing properly styled motions which clearly indicate the nature of the relief sought and the appropriate legal references to support the motion. A reading of the motion in question in this case clearly indicates the nature of the relief sought and the appropriate legal reference. The label on the motion has caused the controversy, for it is not the same as those listed in Rule 73(b)(2), Rules of Civil Procedure, 16 A.R.S. which extend the time for perfecting an appeal. If the motion had been labeled as one for a new trial, there would be no issue presented. Such formalism should not be allowed to defeat the just determination of cases on their merits.

██ We hold that irrespective of the title of a motion, if its substance shows clearly that it seeks relief under Rule 59(a) on the grounds set forth in that rule with appropriate reference to the rule as authority for the motion, the motion must be treated as a motion for new trial under Rule 59(a). As thus treated the filing of the motion tolls the running of the appeal time under Rule 73(b). Any suggestion to the contrary in *Slonsky* is overruled.

The motion by the appellants should have been considered as a motion for new trial, and, as thus treated, the appeal period was extended until the denial of the motion.

With that period excluded the appeal was filed timely.

The order of the Court of Appeals dismissing the appeal is vacated, and the appeal is reinstated. Since the matter has come before us on review, it appears more efficient for us to retain jurisdiction; therefore we assume jurisdiction of this appeal pursuant to Rule 47(e)(5), Sup.Ct.Rules, 17A A.R.S. The appellants' brief shall be filed within 30 days of the issuance of the mandate in this case.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and GORDON, JJ., concurring.