644 P.2d 1305

**FARMERS INSURANCE COMPANY OF ARIZONA, an Arizona corporation, Plaintiff-Appellee,**

v.

**Mark VAGNOZZI, a single man, Defendant-Appellant.**

No. 15687–PR.

Supreme Court of Arizona, En Banc.

May 4, 1982.

Paul W. Holloway, Phoenix, for plaintiff-appellee.

Hofmann, Salcito, Stevens & Myers by Leroy W. Hofmann, Phoenix, for defendant-appellant.

HOLOHAN, Chief Justice.

Appellant Mark Vagnozzi brought an appeal from the granting of summary judgment in favor of Farmers Insurance Company of Arizona (Farmers). The court of appeals dismissed Vagnozzi's appeal as filed untimely. *Farmers Ins. Co. of Arizona v. Vagnozzi,* 132 Ariz. 223, 644 P.2d 1309 (App.1981). We granted appellant's petition for review and hereby vacate the opinion and order of the court of appeals.

Farmers commenced the present action against Vagnozzi and Eddie Arias seeking a declaratory judgment that its "homeowner's package" insurance policy did not cover the injuries caused by Arias to Vagnozzi and that Farmers had no duty to defend Arias.

Farmers moved for summary judgment on its complaint. Vagnozzi filed a cross-motion for summary judgment. The trial court granted Farmers' motion and denied Vagnozzi's motion by minute entry dated November 24, 1980. Farmers, on December 3, 1980, lodged a formal written judgment conforming to the court's ruling except that the form of judgment included a provision awarding Farmers' attorney's fees. Both appellant and Arias filed objections to the form of judgment.

On December 9, 1980, Vagnozzi filed a motion entitled "Motion for Re-Hearing" which read in pertinent part:

COMES NOW Defendant VAGNOZZI and moves the court for re-hearing of Plaintiff's and Defendant's Cross-Motions for Summary Judgment on the grounds that the court's Order granting FARM-ERS' Motion and denying VAGNOZZI'S Motion demonstrates that the court has been led into error in interpreting the facts before it and the application of the law of Arizona as applies to those facts.

Oral argument on Vagnozzi's motion was heard on February 11, 1981. By minute entry of the same date the trial court granted both objections to the previously lodged form of judgment, giving Farmers leave to submit a new form of judgment deleting reference to attorney's fees. The February 11, 1981 minute entry also contained the following orders:

IT IS ORDERED granting Defendant Vagnozzi's Motion for Rehearing and pursuant to discussion held thereon,

IT IS ORDERED affirming the Order of November 24, 1980 granting Plaintiff's Motion for Summary Judgment and denying Defendant Vagnozzi's Cross-motion for Summary Judgment.

A new judgment, submitted on February 13, 1981, was signed and filed with the clerk on February 25, 1981. The judgment made no reference to appellant's motion for rehearing or any rulings thereon.

Subsequently, appellant proposed a "Formal Order Re Motion for Re-Hearing" for the court's signature. It was, essentially, an order denying appellant's December 9, 1980 motion for rehearing. On March 30, 1981, Farmers moved to strike the proposed order on the ground that it was superfluous. Farmers' contention was that all parties and the court had intended the February 25, 1981 judgment to be dispositive of all aspects of the litigation. As such, Farmers asserted, a formal order concerning the motion for rehearing was merely an attempt by appellant to extend the time for filing an appeal.

Farmers' motion to strike was denied on April 20, 1981. The following day the trial court signed a revised "Formal Order Re Motion for Re-Hearing" which provided:

Defendant VAGNOZZI's Motion for Rehearing [,] the Plaintiff's Motion for Summary Judgment [,] and Defendant Vagnozzi's Cross-Motion for Summary Judgment having come on regularly for hearing and the Court having granted rehearing and thereafter by minute order affirmed its order of November 24, 1980, and thereafter Defendant Vagnozzi submitted a "Formal Order Re: Motion for Rehearing" and *the Court being of the opinion that the motion for rehearing was a motion for new trial made pursuant to Rule 59 and the grounds stated therein,* to wit, that the judgment was not justified by the evidence and was contrary to the law,

IT IS ORDERED, ADJUDGED AND DECREED, denying Defendant Vagnozzi the relief requested in said Motion to-wit; an Order vacating the court's Order granting Plaintiff's Motion for Summary Judgment and denying Defendant VAG-NOZZI'S Cross Motion for Summary Judgment and

IT IS THEREFORE ORDERED, AD-JUDGED AND DECREED affirming the court's Order of November 24, 1980 granting Plaintiff's Motion for Summary Judgment and denying Defendant VAG-NOZZI'S Cross Motion for Summary Judgment. (emphasis added)

The order was filed with the clerk on April 24, 1981 and appellant filed his notice of appeal on May 7, 1981.

The primary issue presented for our determination is whether Vagnozzi's Notice of Appeal was filed timely.

■ At the outset we dispose of the suggestion that Vagnozzi's motion, even if considered as one for new trial, was premature. A motion for new trial required to be filed "not later than" 15 days after entry of judgment, (see rule 59(d), Arizona Rules of Civil Procedure, 16 A.R.S.), may be effectively filed prior to the entry of judgment. *See, Dunahay v. Struzik*, 96 Ariz. 246, 393 P.2d 930 (1964); *Sadler v. Arizona Flour Mills Co.*, 58 Ariz. 486, 121 P.2d 412 (1942).

■ Appellate Rule 9(a) [1] requires that a notice of appeal be filed not later than 30 days after the entry of judgment from which the appeal is taken. However, the time for filing a notice of appeal may be extended pursuant to Appellate Rule 9(b) by the timely filing of a motion for new trial [2]. The motion in question here was filed timely if it is considered as one for a new trial.

In *Desmond v. J. W. Hancock Enterprises, Inc.*, 123 Ariz. 474, 600 P.2d 1106 (1979), we held that a motion need not be titled "motion for new trial" in order to substantially satisfy the requirements of such a motion. However, we deemed it essential that such a motion satisfy two requirements: it must refer to rule 59 as authority for the motion, and it must describe grounds set forth under that rule. *Desmond* followed our opinion in *Hegel v. O'Malley Ins. Co., Agents and Brokers*, 117 Ariz. 411, 573 P.2d 485 (1977), in which we held:

> ... that irrespective of the title of a motion, if its substance shows clearly that it seeks relief under Rule 59(a) on the grounds set forth in that rule with appropriate reference to the rule as authority for the motion, the motion must be treated as a motion for new trial under Rule 59(a). As thus treated the filing of the motion tolls the running of the appeal time under [former] Rule 73(b) [now Appellate Rule 9(b)].

*Id.* at 412, 573 P.2d at 486.

■ We reaffirm the holdings of *Hegel* and *Desmond* that in order for a party to be assured of the time-extending qualities of a motion for new trial, he must both refer to rule 59 as authority for the motion and describe grounds set forth in that rule.

■ Vagnozzi's motion for rehearing did not satisfy the requirements of *Hegel* and *Desmond*, but this is not fatal to appellant's case. We held in *Engineers v. Sharpe*, 117 Ariz. 413, 573 P.2d 487 (1977) that a trial court may treat a motion as one filed under rule 59(a) and that such action is not an abuse of discretion.

The rule announced in *Hegel* and *Desmond* does not overrule the holding in *Engineers*. *Hegel* and *Desmond* apply to situations in which the trial court has made a ruling on the questioned motion without indication by the trial court of what rule is involved. In such instances the motion, to be considered as one for a new trial, must both refer to rule 59 as authority for the motion and set forth as grounds for the motion those grounds found in rule 59. The rule announced in *Engineers* is that the

---

1. Specific references to the Arizona Rules of Civil Appellate Procedure, 17A A.R.S. are herein referred to as Appellate Rules.

2. It is no longer questioned that a rule 59(a) motion for new trial may be directed against a summary judgment even though there has been no "trial" in the first instance. *Maganas v. Northroup*, 112 Ariz. 46, 537 P.2d 595 (1975).

trial court may treat a so-called "motion for rehearing" as one under rule 59, and, when the trial court has stated in the record its intention to do so, the motion will also be treated by the appellate courts as one under rule 59(a).

The tortuous procedural path in this case could have been avoided if counsel had followed the clear mandate of *Hegel* and *Desmond.* It is entirely due to the care and attention of an able trial judge that appellant's appeal has been preserved.

We hold that the appeal time was extended by the action of the trial judge in treating the motion of the appellant as a motion for new trial under rule 59.

The appeal of the appellant is reinstated, and we retain jurisdiction of the appeal pursuant to Appellate Rule 19(e).

GORDON, V. C. J., and HAYS, CAMERON and FELDMAN, JJ., concur.