NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

MICHELET MICHAEL SMITH, *Plaintiff/Appellant,*

*v.*

JESSICA REYNOLDS, et al., *Defendants/Appellees.*

No. 1 CA-CV 25-0147

FILED 09-30-2025

Appeal from the Superior Court in Maricopa County
No. CV2024-029230
The Honorable Peter A. Thompson, Judge

**AFFIRMED**

COUNSEL

Michelet Michael Smith, Mesa
*Plaintiff/Appellant*

Broening Oberg Woods & Wilson, P.C., Phoenix
By Kelley M. Jancaitis, Danielle N. Chronister
*Counsel for Defendants/Appellees*

---

**MEMORANDUM DECISION**

Judge Cynthia J. Bailey delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Vice Chief Judge David D. Weinzweig joined.

---

**B A I L E Y**, Judge:

¶1		Michelet Michael Smith appeals the superior court's dismissal of his complaint under Arizona Rule of Civil Procedure ("Rule") 12(b)(6). We affirm.

## FACTS AND PROCEDURAL HISTORY

¶2		In October 2024, Smith filed a complaint against Jessica Reynolds and Nikki Petit (collectively, "Defendants"), raising claims of professional misconduct, negligence, and intentional infliction of emotional distress, and seeking $300,000 in damages. Smith alleged Reynolds improperly substituted as opposing counsel for his then-wife in a separate family law matter and filed pleadings that "exacerbat[ed] procedural delays and prejudic[ed] [his] legal standing." He alleged Petit, acting as Reynolds' paralegal, engaged in improper and threatening communications, causing him severe emotional distress.

¶3		Defendants moved to dismiss the complaint under Rule 12(b)(6), arguing Smith alleged insufficient facts to support his claims. After full responsive briefing, the superior court issued a minute entry on December 4, 2024, granting the motion to dismiss, allowing Defendants to apply for an award of costs, and directing them to submit a proposed form of judgment.

¶4		Defendants then filed a verified statement of costs, and Smith filed an objection. On December 23, 2024, the court entered a signed judgment with Rule 54(c) finality language that awarded Defendants $265.75 — the amount requested — in taxable costs.

¶5		Smith filed a timely notice of appeal. We have jurisdiction under Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(1).

## DISCUSSION

I.      Smith's due process rights were not violated.

**¶6**      Smith does not challenge the merits of the superior court's ruling granting Defendants' motion to dismiss.  Rather, he argues the court committed several procedural errors, which he alleges deprived him of his right to due process.

**¶7**      We review de novo constitutional issues, including an alleged violation of due process. *Wassef v. Ariz. State Bd. of Dental Exam'rs*, 242 Ariz. 90, 93, ¶ 11 (App. 2017).  "Due process entitles a party to notice and an opportunity to be heard at a meaningful time and in a meaningful manner." *Cook v. Losnegard*, 228 Ariz. 202, 206, ¶ 18 (App. 2011) (citation omitted). "Due process errors require reversal only if a party is thereby prejudiced." *Volk v. Brame*, 235 Ariz. 462, 470, ¶ 26 (App. 2014) (citation omitted).

A.      The superior court entered a final, appealable judgment.

**¶8**      Smith argues the superior court never entered a final, appealable order or judgment because the December 4 ruling dismissing his complaint was unsigned.  He further argues the court's subsequent signed judgment, which incorporated the December 4 ruling, caused procedural ambiguity that deprived him of due process.

**¶9**      Smith is correct that the December 4 ruling was not a final, appealable order or judgment because it was unsigned. *See* Ariz. R. Civ. P. 58(b) (requiring that a judgment be signed by a judge or authorized court commissioner).  But the December 4 ruling became appealable when the court entered a signed final judgment for Defendants on December 23.  A judgment as to all claims and parties is final if the judgment recites that no further matters remain pending and that the judgment is entered under Rule 54(c).  Ariz. R. Civ. P. 54(c).

**¶10**      The December 23 judgment incorporated the December 4 ruling by reference, and stated that "no further matters remain pending" and that judgment was entered under Rule 54(c).  Because the court entered a signed judgment that included Rule 54(c) language and disposed of all issues, the court's ruling granting Defendants' motion to dismiss became appealable under § 12-2101(A)(1).

**¶11**      Smith also argues the December 4 ruling was improperly titled and created ambiguity because it was titled "Defendants' Motion to Dismiss."  But even assuming the ruling was titled incorrectly, its subject

3

was clear from its contents. *See Hegel v. O'Malley Ins. Co.*, 117 Ariz. 411, 412 (1977) (reasoning that examining only the title of a motion is contrary to the purpose of the rules of civil procedure).

**¶12**    Nor does Smith identify how he was prejudiced either by the court's final judgment or by the title of its December 4 minute entry. And although he alleges the court's actions may have created procedural ambiguity, he does not explain how either deprived him of his right to notice or to be heard. We discern no error.

      B.    Smith had no right to file a surreply, and his due process rights were not violated on that basis.

**¶13**    Smith also alleges the superior court denied him due process by granting the motion to dismiss without permitting him to file a surreply.

**¶14**    Here, Smith received due process. He was given a full and fair opportunity to respond to Defendants' motion to dismiss and filed a response defending against dismissal. Smith, however, contends the court should have allowed him to address new arguments raised in Defendants' reply brief. But he identifies no such arguments, and Defendants did not raise new arguments in their reply. And nothing in Rule 7.1, which covers motions, provides for a response to a reply, known as a surreply, let alone entitles Smith to one. *See* Ariz. R. Civ. P. 7.1(a). Moreover, Smith never moved to file a surreply and thus waived any argument that the court erred by not allowing him to file one. *See Gross v. Shores at Rainbow Lake Cmty. Ass'n*, 258 Ariz. 365, 373, ¶ 24 (App. 2024).

II.    Smith was not entitled to an opportunity to amend his complaint.

**¶15**    Smith next argues the court erred when it did not sua sponte offer him leave to amend his complaint under Rule 15(a)(2), which generally provides that leave to amend the complaint should be granted liberally. Under Rule 7.1(a)(1), "[a]n application to the court for an order must be by motion which, unless made during a hearing or trial, must be in writing, state with particularity the grounds for granting the motion, and set forth the relief or order sought."

**¶16**    Here, the record shows Smith never moved for leave to amend his complaint. And Smith's reference to repleading in his objection to Defendants' application for costs is not a motion and is not pleaded with particularity as required by Rule 7.1(a)(1). Thus, the court did not err because it did not sua sponte grant Smith leave to amend his complaint.

**¶17**        Smith also contends the court erred by not granting leave to amend because the court should have considered his unrepresented status to ensure he had a fair opportunity to be heard.  But in Arizona, pro se litigants are not afforded any special leniency and are held to the same standards as attorneys. *Ramos v. Nichols*, 252 Ariz. 519, 522, ¶ 8 (App. 2022). The court did not err by not affording Smith any special leniency.

III.    The superior court did not err in granting Defendants their taxable costs.

**¶18**        Smith argues the superior court erred in granting Defendants their taxable costs.  Smith is incorrect.

**¶19**        Smith's challenge to Defendants' recovery of taxable costs largely turns on his mistaken belief that the court's December 4 ruling and subsequent judgment were invalid and unenforceable.  But the judgment properly incorporated the valid December 4 ruling and resolved all issues implicated by Smith's complaint in a signed and certified writing that was final and appealable. *See* Ariz. R. Civ. P. 54(c).  Further, a request for costs is properly submitted before final judgment enters. *See* Ariz. R. Civ. P. 54(f)(2)(A).

**¶20**        And although Smith maintains "the court failed to provide adequate findings or justification" before awarding costs, the court is generally not required to state findings or conclusions when ruling on a motion, *see* Ariz. R. Civ. P. 52(a)(3), including a request for costs, *see* Ariz. R. Civ. P. 54(f).  Further, although Smith argues he was not given a fair opportunity to oppose Defendants' request for costs, the record reflects, and Smith admits, that he timely objected to Defendants' statement of costs.

**¶21**        Having achieved dismissal of the complaint against them, Defendants were entitled to an award of costs under A.R.S. § 12-341. *See Assyia v. State Farm Mut. Auto. Ins. Co.*, 229 Ariz. 216, 223, ¶ 32 (App. 2012). The superior court did not err in awarding Defendants their taxable costs.

IV.    Defendants are entitled to their taxable costs on appeal.

**¶22**        Citing A.R.S. § 12-332 and the private attorney general doctrine, Smith requests costs and attorneys' fees on appeal.  Even ignoring the questionable applicability of Smith's authorities, we note Smith is not the successful party, is not an attorney, and has not otherwise incurred attorneys' fees.  Accordingly, we decline to award Smith costs or fees. Defendants request costs on appeal under A.R.S. § 12-341.  As the prevailing

party, Defendants are awarded their taxable costs upon compliance with Arizona Rule of Civil Appellate Procedure 21.

## CONCLUSION

¶23 We affirm.



MATTHEW J. MARTIN • Clerk of the Court

**FILED**: JR