[Civil No. 624. Filed June 2, 1899.]

[57 Pac. 621.]

## J. H. HAMPSON, Plaintiff and Appellant, v. BERWILL B. ADAMS et al., Defendants and Appellees.

1. INJUNCTION—DISSOLUTION—COMING IN OF SWORN ANSWER.—It is a general rule of equity practice that upon the coming in of an answer denying the equities of a bill, the defendant is entitled to have the injunction dissolved.

2. SAME—SAME—ANSWER—TAKEN AS TRUE.—Where a motion to dissolve is heard upon the bill and answer, the responsive allegations of the latter must be taken to be true; and if the equity of the bill is sworn away the injunction may be dissolved.

3. SAME—PLEADING—ANSWER—NOT A GENERAL DENIAL.—A complaint in a suit to enjoin the collection of taxes alleged that the cattle upon which the taxes were levied were ranging over a mountainous country, that it was practically impossible to count them, but that

the ten thousand head returned to the assessor was a fair and just estimate of the nu..ber owned by plaintiff, and the board of equalization arbitrarily, and for the purpose of revenge, increased the number upon the assessment-roll. The answer denied that it was impossible to count the cattle, or that ten thousand head was a fair and just estimate of the number thereof, or that said number was all the cattle owned by plaintiff, and specifically denied the other allegations of the complaint. *Held,* that the answer is not a general denial, and therefore the doctrine that a general denial is not good in chancery is inapplicable.

4. SAME—DISSOLUTION—ANSWER—DISCRETIONARY—APPEAL AND ERROR —REVIEW.—If the dissolution of a preliminary injunction upon the coming in of a sworn answer denying the equities of the bill is not the plain duty of a court, it is an exercise of judicial discretion with which an appellate court will not interfere.

5. SAME—PLEADINGS—BURDEN OF PROOF—FAILURE TO OFFER EVIDENCE —RIGHT TO INJUNCTION.—Where in a suit for an injunction the case is submitted on the pleadings, without evidence, and the answer is responsive to and expressly denies the material averments of the complaint, the burden of proof being on the plaintiff, and he having failed to support by proof the allegations of his complaint, the court properly refused to grant a perpetual injunction.

APPEAL from a judgment of the District Court of the Second Judicial District in and for the County of Graham. Fletcher M. Doan, Judge. Affirmed.

The facts are stated in the opinion.

Barnes & Martin, for Appellants.

John McGowan, District Attorney, Wiley E. Jones, and Lovell & Satterwhite, for Appellees.

The answer in the respective cases denies all of the material allegations contained in the respective complaints. Appellant was not therefore entitled to a judgment on the pleadings. *Ghirardelli* v. *McDermott,* 22 Cal. 539; *Bott* v. *Vandament,* 67 Cal. 332, 7 Pac. 753; *Amador* v. *Butterfield,* 51 Cal. 526.

"Generally speaking, judgment on the pleadings is only proper in cases where the pleadings are insufficient to sustain a different judgment, notwithstanding any evidence which might be introduced." 2 Ency. of Plead. and Prac., p. 1030, and cases cited under note 6.

The burden is cast on plaintiff of proving every material allegation in the complaint which is denied in the answer. *Site* v. *Jewett,* 33 Cal. 92.

In *Watson* v. *Higgins,* 7 Ark. 475, it was held, that where no evidence at all was offered by the party upon whom the burden of proof is thrown by the pleadings, the other party is entitled to judgment.

Plaintiff is never entitled to judgment on the pleadings, except when his whole case is expressly or impliedly admitted. Hence if any material allegation of his complaint is denied by the answer, plaintiff must fail. *Bacon* v. *Cropsey,* 7 N. Y. 195. In this case plaintiff read the complaint and rested, just what was done in the case at bar. See, also, *Felch* v. *Beaudry,* 40 Cal. 439; *Widmer* v. *Martin,* 87 Cal. 88, 25 Pac. 264.

Affirmative matter constituting a complete defense is set up in the answer, which is duly verified. This precludes plaintiff's right to judgment on the pleadings. *Garvey* v. *Willis,* 50 Cal. 619; *Pfister* v. *Wade,* 69 Cal. 133, 10 Pac. 369.

"For the purpose of judgment on the pleadings, the averments of the answer are taken to be true." *Fleming* v. *Wells,* 65 Cal. 336, 4 Pac. 197, cited in *People* v. *Johnson,* 95 Cal. 471, 474, 31 Pac. 611.

A motion by plaintiff for judgment on the pleadings is in legal effect simply a demurrer to the answer. Therefore, if the answer contains any defense, either by way of traverse or confession and avoidance, the motion will be denied, and judgment will go against plaintiff, as was properly done in this case. *De Toro* v. *Robinson,* 91 Cal. 371, 27 Pac. 671.

DAVIS, J.—On November 2, 1897, the appellant, J. H. Hampson, brought suit in the court below against the appellees, Berwill B. Adams, treasurer and *ex officio* tax-collector of Graham County, and William Burchfield, sheriff and *ex officio* assessor of said county, to enjoin the collection of certain taxes alleged to have been illegally assessed against him for the year 1897 upon personal property. The complaint avers: "That said plaintiff is, and has been for many years, a taxpayer in said county, and is the owner of a herd of stock cattle running on the range in said county; that the place where the herd runs is on Eagle Creek, in said county;

Arizona 6—22

that the range is a rough and mountainous country, and it is impossible to know at any time the exact number of cattle in said herd, as it would be practically impossible to count the same; that the plaintiff, by his agent, E. A. Cutter, returned to the assessor of said county the number of cattle owned by plaintiff as stock cattle at ten thousand head; that this number was reached after careful investigation, and plaintiff believes and states the fact to be that on the very best information and belief this is a fair and just estimate of the number of cattle in said herd, and all the stock cattle owned by plaintiff in said county; and that the assessor of said county listed as his assessment of the stock cattle of the plaintiff in said county liable to taxation ten thousand head, and no more." The complaint then recites certain acts and proceedings of the board of supervisors of said county while sitting as a board of equalization, through which, it is alleged, there were entered upon the assessment-roll of said county, as the property of the appellant, additional stock cattle to the number of five thousand, thereby increasing his total assessment to fifteen thousand head. It is charged that the method pursued in making said addition was not in compliance with the statute. It is also alleged that the action of the board was not based upon information or evidence, but was taken arbitrarily, maliciously, fraudulently, through prejudice, and for the purpose of revenge. Relief by injunction was invoked by appellant to prevent the collection of taxes on his herd of stock cattle beyond the valuation of the ten thousand head so returned and listed by him as aforesaid. The answer filed on December 6, 1897, "denies that it is impossible to know the number of cattle owned by the plaintiff, or that it is or would be practically impossible to count the same, or that 10,000 head of cattle is a fair and just estimate of the number thereof, or that said number is all the cattle owned by the plaintiff in Graham County." The allegations of the complaint respecting the acts and proceedings of the board of equalization are severally denied, and the answer sets up a method of procedure on the part of said board and the assessor in the making of the addition of five thousand head of stock cattle to appellant's assessment which is in substantial compliance with the requirements of the statute. The allegation of fraud and misconduct in the

board's action is also specifically denied, and it is affirmatively alleged "that the amount of property assessed to the plaintiff is not in excess of the number and amount of property owned by the plaintiff within Graham County for the year 1897; and that the number of cattle, and the valuation thereof, as fixed, adjudged, and determined by the said board of equalization, is not in excess of the fair and just number and amount so owned by the plaintiff, as aforesaid, for the year 1897." The plaintiff, on December 10, 1897, amended his complaint by pleading full payment of all taxes assessed against him except those which were levied and based upon the added number of cattle. The complaint and answer were both duly verified. A temporary injunction was granted upon the filing of the original complaint. The record shows that on December 10, 1897, the temporary injunction was dissolved upon the denials of the answer and for want of equity in the complaint; that on the same day a motion by plaintiff that the injunction be made perpetual upon the complaint and answer was denied, and that thereupon the cause was submitted to the court upon the pleadings, without evidence, and judgment was rendered against the plaintiff, denying the relief sought.

The principal errors assigned by the appellant are, that the court erred (1) in dissolving the injunction, and (2) in not making the injunction perpetual. It is a general rule of equity practice that upon the coming in of an answer denying the equities of the bill the defendant is entitled to have the injunction dissolved. *Blum* v. *Loggins*, 53 Tex. 121; *Love* v. *Powell*, 67 Tex. 15, 2 S. W. 456; *Schœffler* v. *Schwarting*, 17 Wis. 31; *Couch* v. *President, etc.*, 4 Johns. Ch. 26; *Hollister* v. *Barkley*, 9 N. H. 230. Where a motion to dissolve is heard upon the bill and answer, the responsive allegations of the latter must be taken to be true; and if the equity of the bill is sworn away, the injunction may be dissolved. *Webster* v. *Hardisty*, 28 Md. 592. Counsel for appellant have treated the answer in this case as a general denial, and have urged upon us the doctrine that a general denial is not good in chancery. The assumption as to the character of the answer is clearly erroneous, and the principle sought to be invoked is therefore inapplicable. If the dissolution of the preliminary injunction was not the plain duty

of the district court, it was an exercise of judicial discretion with which an appellate court would not interfere.

Did the court err in refusing a perpetual injunction on the final hearing? An injunction, being the "strong arm of equity," should never be granted unless the right seems clear. *Burnham* v. *Kempton,* 44 N. H. 92; *Bonaparte* v. *Railroad Co.,* 1 Baldw. 218, Fed. Cas. No. 1,617. For a perpetual injunction the courts require that there should be no doubt in the case, and that the plaintiff must make out a clear and unexceptionable right. Daniell's Chancéry Pleading and Practice, 1681. As has been stated, the case at bar was submitted upon the pleadings, without evidence. The answer was responsive to, and expressly denied the material averments of, the complaint. The burden of proof was thus cast upon the plaintiff to establish the facts upon which his right to relief depended. Having failed to support by proof the allegations of his complaint, the court properly refused to grant a perpetual injunction. *Bressler* v. *McCune,* 56 Ill. 475; *Spangler* v. *City of Cleveland,* 43 Ohio St. 526, 3 N. E. 365. A discussion of the other questions sought to be raised might be pertinent had the case gone to trial upon the issues made by the pleadings, but we are not expected to declare the law applicable to facts which are controverted. We find in the record nothing which justifies us in disturbing the judgment of the lower court, and it is affirmed.

Street, C. J., and Sloan, J., concur.