577 P.2d 268

**NU–TRED TIRE COMPANY, INC., an Arizona Corporation, Appellant,**

v.

**DUNLOP TIRE AND RUBBER CORPORATION, a Delaware Corporation, Appellee.**

**No. 1 CA–CIV 3992.**

Court of Appeals of Arizona,
Division 1,
Department A.

Feb. 28, 1978.

Rehearing Denied March 20, 1978.

Review Denied April 11, 1978.

Law Offices of Jack E. Evans, Ltd. by Jack E. Evans, Phoenix, for appellant.

Martori, Meyer, Hendricks & Victor, P. A. by Andrew D. Hurwitz, Phoenix, for appellee.

OPINION

FROEB, Chief Judge.

Nu-Tred Tire Company, Inc. (Nu-Tred) was an authorized distributor of tires and tire products for Dunlop Tire and Rubber Corporation (Dunlop). As security for a loan by Dunlop, Nu-Tred gave Dunlop a security interest in the inventory of products supplied by Dunlop. The security in-

terest also applied to accounts arising from the sale of the tire products in the ordinary course of Nu-Tred's business. For a considerable period preceding the filing of this action, Dunlop and Nu-Tred experienced difficulty in their business relations. This culminated in the termination of the distributorship.

In its complaint, Dunlop alleged that Nu-Tred was in default of payments due Dunlop; it accelerated the principal balances owing and prayed for judgment; it sought foreclosure of collateral securing the indebtedness; and it asked for the issuance of a preliminary injunction to prevent dissipation of the collateral pending the outcome of the case. Nu-Tred answered by denying the default and raising certain affirmative defenses. It also asserted a counterclaim. All of these issues await trial and need no further elaboration. The proceedings relating to the issuance of a preliminary injunction are the focus of our attention on this appeal.

After a contested hearing, the trial court ordered the issuance of a preliminary injunction enjoining Nu-Tred from dissipating the collateral in which Dunlop had a security interest. In doing so, the trial court found that Dunlop demonstrated a likelihood of success on the merits; that Dunlop would suffer irreparable harm if the injunction were not issued; that the harm that the injunction would cause Nu-Tred was outweighed by the potential harm to Dunlop if no injunction were issued; and that Dunlop had no adequate remedy at law. Nu-Tred disputes each of these findings on appeal, as it did in the trial court. We reach none of the grounds urged by Nu-Tred for reversal because they are not properly before us.

We turn to the sequence of events in the trial court. The court entered findings of fact, conclusions of law and order of preliminary injunction on February 23, 1977, after an evidentiary hearing. Soon thereafter, Nu-Tred challenged the order by bringing a special action, but the Arizona Supreme Court denied jurisdiction of the proceeding. No appeal was taken from the order grant-

ing the preliminary injunction. On March 2, 1977, Nu-Tred filed its answer and counterclaim and on March 25, 1977, it filed a "motion to dissolve or modify preliminary injunction." The trial court denied the motion to dissolve by written order entered August 8, 1977. Nu-Tred filed a notice of appeal from that order on the same day.

Nu-Tred concedes that its appeal is from the denial of its motion to dissolve since no appeal was taken from the order granting the preliminary injunction as provided by A.R.S. § 12–2101(F). Dunlop concedes that A.R.S. § 12–2101(F) allows an appeal to be taken from an order denying a motion to dissolve an injunction but argues that the propriety of the injunction cannot be reviewed on such an appeal and that the only reviewable issue is whether new matter, which would require dissolution of the injunction, was presented to the trial court. Dunlop correctly points out that Nu-Tred presented no new matter to the trial court in the motion to dissolve and that Nu-Tred merely reargued the issues raised at the hearing on the preliminary injunction.

We have, then, the question of what may be raised on a motion to dissolve a preliminary injunction. If the motion requires the trial court to reexamine the legal and factual basis of the preliminary injunction, then it would follow that an appeal from the grant or denial of the motion extends to the same issues. On the other hand, if the motion to dissolve is limited to new legal or factual issues which would affect the continuing propriety of the preliminary injunction, then it is only these issues which should be reviewed on appeal from the grant or denial of the motion.

As background, it is necessary to turn to the procedures by which a preliminary injunction can arise. The statutory authorization for injunctive relief in Arizona can be found at A.R.S. §§ 12–1801, et seq. The procedural rules by which injunctive relief is invoked are found in R.Civ.Proc., Rule 65. There are some difficulties in harmonizing the statutes and the rules because the statutes authorizing injunctive relief originate from earlier days of common law pleading,

whereas the rules are of more recent origin and reflect modern court procedures.

At one time a preliminary injunction could be issued on the basis of a verified complaint which was served upon the defendant along with the injunction. A.R.S. § 12–1803, having its origin in the revised statutes of 1901, reflects this.[1] When a preliminary injunction was thus ordered, the defendant could file a verified answer and "swear away" the equity of plaintiff's claim to injunctive relief and obtain a dissolution of the injunction on the basis of the pleadings. *See Hampson v. Adams,* 6 Ariz. 335, 57 P. 621 (1899) which was decided by the Territorial Supreme Court and which reflects the procedures later set forth in the injunction statutes at A.R.S. §§ 12–1801, *et seq.*

 In construing A.R.S. § 12–1803 in light of the Rules of Civil Procedure as they exist today, we hold that a preliminary injunction cannot be issued without notice and the opportunity for a hearing. *See* Rule 65(a). Nevertheless, A.R.S. § 12–1803 is not without efficacy since it can still apply to the issuance of a temporary restraining order authorized by Rule 65(d). Thus, immediate injunctive relief without notice or hearing may be obtained by issuance of a temporary restraining order as it once was by the issuance of a preliminary injunction. By the same token, it can be dissolved or modified on the pleadings alone where the party restrained moves for its dissolution or modification at a hearing brought for that purpose under Rule 65(d). In such a situation the equity of the claim to injunctive relief might be "sworn away" just as was done with a preliminary injunction in *Hampson v. Adams.*

Once ordered, a preliminary injunction may be appealed. A.R.S. § 12–2101(F). The injunction may, on the other hand, be first challenged by a motion to amend or make additional findings under Rule 52(b) or a motion for new trial under Rule 59, and then appealed. Moreover, a preliminary injunction is subject to attack under Rule 60(c). The point is that there are available to an adverse party ample procedures by which relief from a preliminary injunction may be sought, both in the trial court as well as by appeal. With this background, we turn to the effect of a motion to dissolve a preliminary injunction.

It is clear to us that a motion to dissolve does not serve the same purpose as a motion under Rule 52, Rule 59 or Rule 60. The two rules dealing with dissolution of a preliminary injunction read as follows:

> Rule 65(b) The defendant in an injunction proceeding may answer as in other civil actions but the preliminary injunction shall not be dissolved before final hearing because of a denial of the material allegations of the complaint unless the answer denying the allegations is verified.

> Rule 65(c) Motions to dissolve or modify a preliminary injunction without determining the merits of the action may be heard after an answer is filed, upon notice to the opposite party. If, upon hearing the motion, it appears that there is not sufficient ground for the injunction, it shall be dissolved, or if it appears that the injunction is too broad, it shall be modified.

First, Rule 65(b) adds nothing one way or the other where a hearing has been held and applies only to the statutory concept of A.R.S. § 12–1803 earlier discussed. It reflects the holding of *Hampson v. Adams.*

---

1. A.R.S. § 12-1803 reads as follows:

 A. An injunction may be granted at the time of commencing the action upon the complaint, and at any time afterward before judgment upon affidavits. The complaint or the affidavits shall set forth sufficient grounds therefor.

 B. An injunction shall not be granted on the complaint unless it is verified by the oath of the plaintiff that he has read the com-

plaint, or heard the complaint read, knows the contents thereof, and that it is true of his own knowledge, except the matters stated therein on information and belief, and that as to those matters, he believes the complaint to be true.

 C. A copy of the complaint, or, when granted upon affidavit, a copy of the affidavit, shall be served with the injunction.

Second, a motion pursuant to Rule 65(c), relied upon by Nu-Tred to bring before us all of the issues underlying the issuance of the preliminary injunction, serves the much more limited purpose of providing a means to show that changed circumstances or changes in the law require the modification or setting aside of the injunction. Any other reading of Rule 65(c) would mean that the adverse party could attack the original basis for the injunction at any time after its rendition on any ground which was available when it was first heard. This would fly in the face of logic, particularly in view of the fact that the usual means of attacking an order or judgment are available under Rules 52, 59 and 60.

Rule 65(c) allows a dissolution or modification of a preliminary injunction on a showing of changed circumstances. We can go further, however, and include matters which could not reasonably have been raised at the hearing. This is appropriate because the hearing for the issuance of the preliminary injunction may be heard on short notice. The trial court should exercise its discretion in such cases and should consider whether matters which could not reasonably have been presented at the hearing would affect the "grounds" upon which the injunction was issued. Such was not the case here, however, since the motion to dissolve presented no matters which had not been previously considered and rejected by the trial court.

For the reasons stated, this appeal from the denial of the motion to dissolve does not reach the merits of the preliminary injunction, and, since the motion itself raised nothing new, we affirm the order of the trial court denying it.

Affirmed.

HAIRE, P. J., concurs.

NELSON, Judge, dissenting:

I believe that appellant did everything required by the statutes of Arizona and rules of court to preserve the substantive issues he brought here for review and must, therefore, respectfully dissent.

While I agree with the majority as to most of its analysis of the applicable rules and statutes, *supra*, in my view its reliance upon Rule 52(b) and Rule 59 as available means to obtain relief from the granting of a preliminary injunction, is misplaced.

Both Rule 52(b) and Rule 59 relief is sought by a motion made 15 days after "entry of judgment". In this case there was no "entry of judgment" in any sense of that phrase. Perhaps in cases where only injunctive relief is sought, or such relief is the primary purpose of the lawsuit, these rules would arguably be applicable. Where, however, the preliminary injunction was merely ancillary to the primary action, such as it was in this case, these rules—in my opinion, at least—have no applicability. While Rule 60(c) is broader and might more easily be read to cover efforts at relief from a preliminary injunction, I believe this rule also envisions more finality in the proceedings than we are here faced with. No cases are cited by the majority which make these rules applicable to provisional remedies such as the one at issue in this case, nor have I discovered any.

After the granting of the preliminary injunction, counsel believed, based upon the facts as he saw them, that his remedy by appeal, clearly available pursuant to A.R.S. § 12–2101 F(2), was neither "speedy or adequate". He therefore sought special action relief in the Arizona Supreme Court, pursuant to the Rules of Procedure for Special Actions, 17A A.R.S. By a vote of 3 to 2, the Arizona Supreme Court declined to accept jurisdiction.

Counsel then proceeded to follow what appeared to him to be the clear dictates of Rules 65(b) and 65(c), *supra*. He filed a verified answer and a motion to dissolve the injunction. The motion was denied and he appealed.

The essence of the opinion of the majority is that such a course of action, if allowed to bring before this court all of the matters raised at the hearing upon the preliminary injunction, would make such an injunction appealable for an unlimited amount of time, and they therefore read into Rule 65(c) a

requirement for "changed circumstances" or at least something new. Rule 65(b) and (c) simply do not say that. They may be anachronistic in light of the provisions for a hearing and for a temporary restraining order, but it is not up to this Court to rewrite those rules by decision. If interpretation or logic is required, it seems much more logical to me to interpret the rule to require the filing of a verified answer, which cannot be put off for an "unlimited time", and then a motion to dissolve, also within a reasonable time, since it too is closely tied to the answer. If the time frame in this case is considered to be typical, it involved only a short period of time, the verified answer being filed almost immediately after the Arizona Supreme Court declined jurisdiction in the special action, and the motion to dissolve being filed some 23 days later. The notice of appeal was filed the same day the motion to dissolve was denied by written order.

Counsel did exactly what the rules of court said he should do to bring the entire matter once again before the trial court: he filed a verified waiver and a motion to dissolve. The rules clearly state that this brings all of the material allegations of the complaint before the trial court once again. I would reach and decide the questions presented by the appellant as they relate to the granting of the preliminary injunction in the first instance.