732 P.2d 1114
**STATE of Arizona, ex rel. Robert K. CORBIN, Attorney General, Plaintiff-Appellee,**

v.

**James Edwin TOLLESON and Success Education Training Company, Defendants-Appellants.**

**Nos. 1 CA–CIV 8999, 1 CA–CIV 9000.**

Court of Appeals of Arizona, Division 1, Department D.

Nov. 18, 1986.

Robert K. Corbin, Atty. Gen. by Patrick M. Murphy, Chief Counsel, Financial Fraud Div. and Frank L. Murray and Marjie A. Patterson, Asst. Attys. Gen., Phoenix, for plaintiff-appellee.

C. Steven McMurry, Phoenix, for defendants-appellants.

## OPINION

EUBANK, Presiding Judge.

This case addresses the question of whether a trial court has jurisdiction to hear a motion for reconsideration of a preliminary injunction once the granting of the injunction has been appealed. This matter arose when the attorney general filed an action under the Arizona Consumer Fraud Act, A.R.S. § 44–1521 *et seq.,* and the Arizona Racketeering Act, A.R.S. § 13–2301 *et seq.,* and A.R.S. § 13–106. As defendants, the suit named James Edwin Tolleson and three associates, all of whom were doing business as Success Education Training Company (SETCO). The complaint alleged that the defendants committed unlawful acts while marketing the "James E. Tolleson Future Millionaires Home Study Course on Empire Building" (hereinafter referred to as the "course"). The course consists of a set of audio and video tapes

with motivational messages primarily by Tolleson.

On March 14, 1986, the trial court granted a preliminary injunction prohibiting the sale of the course. Tolleson and SETCO (hereinafter collectively referred to as Tolleson) filed a motion for reconsideration of the preliminary injunction on March 31, 1986. On April 10, 1986, Tolleson filed a notice of appeal from the granting of the preliminary injunction.

On April 23, 1986, the trial court denied the motion for reconsideration. Subsequently, Tolleson filed a second notice of appeal from the minute entry that denied the motion.

Shortly after Tolleson filed the second notice of appeal, this court advised Tolleson that a preliminary review indicated that the court did not have jurisdiction over the second appeal. In response, Tolleson filed a motion supporting jurisdiction in the second appeal and requesting that it be consolidated with the first appeal.

Tolleson argues that this court has jurisdiction over the second appeal under either of two alternative theories. First, he contends that Rule 62(c), Arizona Rules of Civil Procedure, grants the trial court authority to modify an injunction even though the injunction has been appealed. Consequently, he urges, the denial of a Rule 62(c) motion for reconsideration is appealable under A.R.S. § 12–2101(F)(2). Alternatively, he contends that his motion for reconsideration should be treated as a motion made under Rule 59, Arizona Rules of Civil Procedure, which extends the time for appeal. According to Tolleson, the time for appeal from the granting of the preliminary injunction itself would then be extended, rendering the first notice of appeal premature. The second notice of appeal would then bring both the preliminary injunction and the denial of the motion for reconsideration before this court.

On September 17, 1986, we rejected both of Tolleson's arguments and issued an order denying the motion to retain jurisdiction and to consolidate the appeals, and dismissing the appeal in 1 CA–CIV 9000. This opinion follows that order.

## RULE 62(c)

■ Generally, an appeal divests the trial court of jurisdiction to proceed except in furtherance of the appeal. *Castillo v. Industrial Commission*, 21 Ariz.App. 465, 467, 520 P.2d 1142, 1144 (1974). This general principle is subject to many exceptions, however. Rule 62(c),[1] Arizona Rules of Civil Procedure, is a codification of one of these exceptions. *See McClatchy Newspapers v. Central Valley Typographical Union No. 46, International Typographical Union*, 686 F.2d 731, 734 (9th Cir.), *cert. denied* 459 U.S. 1071, 103 S.Ct. 491, 74 L.Ed.2d 633 (1982).

■ When read in isolation, Rule 62(c) appears to grant the trial court unlimited discretion to modify or dissolve an injunction being appealed. When read in context with other provisions of Rule 62, however, the scope of the rule is more limited. Rule 62(c) merely sets forth the types of orders which a trial court may enter when considering an application to stay proceedings to enforce an injunction pending appeal. Rule 62(c) was not intended to provide a conduit through which a disgruntled party could seek to directly modify the terms of the injunction being appealed. Instead, the rule allows the trial court to issue a stay that postpones the *effect* of the granting, dissolution, or modification of the injunction. The trial court may make the orders necessary to preserve the status quo during the appeal and to protect the unsuccessful party from any irreparable harm that would occur from enforcing the ruling on the injunction. Once the appeal of the

---

1. Rule 62(c), Arizona Rules of Civil Procedure, reads as follows:

   "62(c) Injunction pending appeal. When an appeal is taken from an interlocutory or final judgment granting, dissolving, or denying an injunction, the court in its discretion may suspend, modify, restore, or grant an injunction during the pendency of the appeal upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party."

injunction becomes final, the trial court's interim protection under Rule 62(c) is dissolved.

Federal interpretations of Rule 62(c), Federal Rules of Civil Procedure, support our analysis. Because the Arizona rule came from the federal rule, these interpretations are useful in determining the scope of the rule. *Hedlund v. Ford Marketing Corp.*, 129 Ariz. 176, 178, 629 P.2d 1012, 1014 (App.1981).

Under the federal rule, a district court will modify an injunction pending appeal only as needed to preserve the status quo. *See, e.g., Ideal Toy Corp. v. Sayco Doll Corp.*, 302 F.2d 623, 625 (2d Cir.1962); *United Parcel Service, Inc. v. United States Postal Service*, 475 F.Supp. 1158, 1163 (E.D. Pa.1979). Rule 62(c)

"does not restore jurisdiction to the district court to adjudicate anew the merits of the case after either party has invoked its right of appeal and jurisdiction has passed to an appellate court. Rule 62(c) codifies the 'long established' and narrowly limited right of a trial court 'to make orders appropriate to preserve the *status quo* while the case is pending in [an] appellate court.'"

*McClatchy Newspapers*, 686 F.2d at 734, (quoting *United States v. El-O-Pathic Pharmacy*, 192 F.2d 62, 79 (9th Cir.1951)).

When a party appeals a preliminary injunction, the trial court loses jurisdiction over the injunction but retains jurisdiction over the remainder of the case. As we discussed above, Rule 62(c), Arizona Rules of Civil Procedure, allows the trial court to modify an injunction pending appeal only if the modification is necessary to preserve the status quo at the time of the appeal. Tolleson's motion to reconsider did not seek to maintain the status quo but to change the matters on appeal. Consequently, the trial court had no jurisdiction to consider Tolleson's motion. This court, therefore, only has jurisdiction to dismiss the appeal from the order denying the motion. *McHazlett v. Otis Engineering Corp.*, 133 Ariz. 530, 533, 652 P.2d 1377, 1380 (1982).

Our decision in this case is consistent with our opinion in *Castillo.* Tolleson notes that *Castillo* recognizes exceptions to the rule that the trial court loses jurisdiction to proceed except in furtherance of the appeal. Included among these is the exception other jurisdictions have acknowledged for "appeals from orders granting temporary injunctions." *Castillo,* 21 Ariz. App. at 468, 520 P.2d at 1145.

In support of the above proposition, we cited *Magnolia Petroleum Co. v. Blankenship,* 70 S.W.2d 258 (Tex.Civ.App.1934). The court in *Magnolia Petroleum* stated that the trial court could hear a case on its merits despite the appeal of the order granting the temporary injunction. Still, the Texas Court of Civil Appeals noted that "the trial court could not change or set aside its order granting the temporary injunction after the jurisdiction of this court over that matter attached." *Magnolia Petroleum Co.,* 70 S.W.2d at 259.

The text of *Castillo* also rejects Tolleson's contention. We noted that "[a]n appellate proceeding for the review of incidental or interlocutory matters divests the trial court of jurisdiction only with respect to matters directly involved in, or the subject of, the appellate proceeding." *Castillo,* 21 Ariz.App. at 468, 520 P.2d at 1145 (quoting 4A C.J.S. *Appeal and Error* § 609 at 399 (1957)).

In summary, as is more fully discussed above, we hold that Rule 62(c) does not give the trial court authority to modify or dissolve an injunction that has been appealed.

### TIME–EXTENDING MOTION

We also reject Tolleson's contention that the motion for reconsideration should be treated as a motion which would extend the time for the filing of a notice of appeal relating to the granting of the preliminary injunction. Under this approach, Tolleson argues, the first notice of appeal should be disregarded as premature, and the second notice of appeal would bring both the pre-

liminary injunction and the denial of reconsideration before this court.

■ We begin our discussion of this argument by noting that Tolleson's basic assumption is erroneous. Even if the motion for reconsideration could be considered as a time-extending motion, the first appeal would not be premature. "A timely appeal from the judgment alone may be taken in any event without waiting for a ruling on a [time-extending] motion...." 1 *Arizona Appellate Handbook*, § 3.3.1.2.3 at 3–14. Additionally, we reject Tolleson's contention that the motion for reconsideration could be treated as a time-extending motion.

Generally, a notice of appeal must be filed within 30 days after the entry of the judgment from which the appeal is taken. Rule 9(a), Arizona Rules of Civil Appellate Procedure. Under Rule 9(b), Arizona Rules of Civil Appellate Procedure, however, the time for appeal is extended by the timely filing of any of four motions under the Arizona Rules of Civil Procedure: a motion for judgment notwithstanding the verdict under Rule 50(b), a motion to amend or make additional findings of fact under Rule 52(b), a motion to alter or amend the judgment under Rule 59(*l*), and a motion for a new trial under Rule 59(a).

■ Tolleson's motion to reconsider does not refer to any particular rule of civil procedure. Substantively, it appears to be a motion under Rule 65(c),[2] Arizona Rules of Civil Procedure. We have held that a motion to dissolve an injunction under Rule 65(c) does not serve as a time-extending motion in the same way as motions under Rules 52, 59, and 60. *Nu-Tred Tire Co. v. Dunlop Tire & Rubber Corp.*, 118 Ariz. 417, 419, 577 P.2d 268, 270 (App.1978). Instead, its purpose is more restricted:

"[A] motion pursuant to Rule 65(c) ... serves the much more limited purpose of providing a means to show that changed circumstances or changes in the law require the modification or setting aside of the injunction. Any other reading of Rule 65(c) would mean that the adverse party could attack the original basis for the injunction at any time after its rendition on any ground which was available when it was first heard. This would fly in the face of logic, particularly in view of the fact that the usual means of attacking an order or judgment are available under Rules 52, 59 and 60.

"Rule 65(c) allows the dissoluton or modification of a preliminary injunction on a showing of changed circumstances. We can go further, however, and include matters which could not reasonably have been raised at the hearing."

*Nu-Tred Tire Co.*, 118 Ariz. at 420, 577 P.2d at 271.

■ *Nu-Tred Tire Co.* undercuts any argument that a motion under Rule 65(c) serves as a time-extending motion for filing a notice of appeal. In addition, we find that Tolleson's motion for reconsideration cannot be treated as a motion for a new trial under Rule 59.[3] Although the nature

---

**2.** Rule 65(c), Arizona Rules of Civil Procedure, reads as follows:

"65(c) Motion to dissolve or modify. Motions to dissolve or modify a preliminary injunction without determining the merits of the action may be heard after an answer is filed, upon notice to the opposite party. If, upon hearing the motion, it appears that there is not sufficient ground for the injunction, it shall be dissolved, or if it appears that the injunction is too broad, it shall be modified."

**3.** In pertinent part, Rule 59, Arizona Rules of Civil Procedure, reads as follows:

"Rule 59. New trial: amendment of judgment

"Rule 59(a) Procedure; grounds. A verdict, decision or judgment may be vacated and a

new trial granted on motion of the aggrieved party for any of the following causes materially affecting his rights:

"1. Irregularity in the proceedings of the court, referee, jury or prevailing party, or any order or abuse of discretion, whereby the moving party was deprived of a fair trial.

"2. Misconduct of the jury or prevailing party.

"3. Accident or surprise which could not have been prevented by ordinary prudence.

"4. Material evidence, newly discovered, which with reasonable diligence could not have been discovered and produced at the trial.

"5. Excessive or insufficient damages.

"6. Error in the admission or rejection of evidence, error in the charge to the jury, or in

of a motion will be determined by its substance and not by its title, we generally will not find that a motion is a motion for a new trial under Rule 59(a) unless it fulfills two requirements: (1) it must refer to Rule 59(a) as authority for the motion, and (2) it must seek relief on the grounds set forth under the rule. *Hegel v. O'Malley Insurance Co., Inc., Agents and Brokers,* 117 Ariz. 411, 412, 573 P.2d 485, 486 (1977). If a motion "substantially satisfies" the requirements of *Hegel,* we will consider it to be a motion for a new trial. *Desmond v. J.W. Hancock Enterprises, Inc.,* 123 Ariz. 474, 476, 600 P.2d 1106, 1108 (1979). Even if the motion does not "substantially satisfy" the *Hegel* requirements, the appeal may be time extended if the trial judge corrects the deficiency by stating in the record that he has treated the motion as a motion for a new trial under Rule 59(a). *Farmers Insurance Co. of Arizona v. Vagnozzi,* 132 Ariz. 219, 221–22, 644 P.2d 1305, 1307–08 (1982).

■ There is nothing in the record which would justify treating Tolleson's motion as a motion for a new trial. The motion makes no reference to Rule 59(a) as authority, nor does it seek relief on the grounds set forth under the rule. In addition, it does not "substantially satisfy" the requirements of *Hegel* because it does not meet the requirements even in a general sense. Finally, nothing in the record indicates that the trial judge treated the motion as a motion for a new trial.

We hold that Tolleson's motion for reconsideration was not a time-extending motion, nor was the first notice of appeal premature. The trial court lost jurisdiction to rule on the motion when Tolleson filed his first notice of appeal. Consequently, the second appeal must be dismissed.

For the reasons discussed above, this opinion confirms our prior denial of Tolleson's motion to retain jurisdiction and to consolidate the appeals. Likewise our previous dismissal of the appeal in 1 CA–CIV 9000 is confirmed.

GRANT and HAIRE, JJ., concur.

refusing instructions requested, or other errors of law occurring at the trial or during the progress of the action.

"7. That the verdict is the result of passion or prejudice.

"8. That the verdict, decision, findings of fact, or judgment is not justified by the evidence or is contrary to law."