NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

CHARLES EASTWOOD, *Plaintiff/Appellant*,

*v.*

ATLAS LOCKSMITH SOLUTIONS, LLC; MILLER LOCK & SAFE, LLC;
MILLENNIUM LOCKSMITH LLC; APPLE CONTRACTING, L.L.C. and
ADAM AVIGDOR, *Defendants/Appellees*.

No. 1 CA-CV 13-0642
FILED 10-30-2014

---

Appeal from the Superior Court in Maricopa County
No. CV2010-027605
The Honorable Katherine M. Cooper, Judge

**AFFIRMED**

---

COUNSEL

The Law Offices of David W. Dow, Phoenix
By David W. Dow
*Counsel for Plaintiff/Appellant*

The Marhoffer Law Firm, PLLC, Scottsdale
By David Marhoffer
*Counsel for Defendants/Appellees Atlas and Miller*

Burke Panzarella Rich, Phoenix
By Thomas P. Burke, II, Elizabeth L. Fleming
*Counsel for Defendants/Appellees Apple Contracting, L.L.C. and Adam Avigdor*

---

**MEMORANDUM DECISION**

Judge Randall M. Howe delivered the decision of the Court, in which Presiding Judge Patricia A. Orozco and Judge Maurice Portley joined.

---

**H O W E**, Judge:

**¶1**         Charles Eastwood appeals the superior court's dismissal of his case for lack of prosecution. Finding no error, we affirm.

### FACTS AND PROCEDURAL HISTORY

**¶2**         In 2010, Eastwood sued more than 50 locksmith companies, including appellees Atlas Locksmith Solutions, LLC and Miller Lock & Safe, LLC (collectively, "Atlas Defendants"), and Apple Contracting, LLC and Adam Avigdor (collectively, "Apple Defendants").[1] Eastwood alleged that they had violated Arizona Revised Statute ("A.R.S.") § 44-1221(A), which prohibits misrepresentation of "the geographical origin or location" of a person's business. In addition to various tort claims, the complaint requested injunctive relief. Eastwood took no further action.

**¶3**         Approximately five months after Eastwood filed his complaint, the superior court issued a 150 Day Order (the "Order") pursuant to Arizona Rule of Civil Procedure 38.1, which instructed the parties to file a Motion to Set and Certificate of Readiness. The order further warned the parties that failure to comply with Rule 38.1 would place the case on the inactive calendar and be dismissed without further notice on or after August 17, 2011.

**¶4**         After oral argument on Eastwood's claim for injunctive relief, the superior court granted a preliminary injunction prohibiting Atlas Defendants and Apple Defendants from using false addresses in their advertising. Atlas Defendants and Apple Defendants sought special action review of the preliminary injunction (the "Injunction Appeal"). Before this Court heard oral argument on the Injunction Appeal, however, the superior court "dismiss[ed] all [of Eastwood's] unadjudicated claims of this case without prejudice for lack of prosecution" because Eastwood had failed to

---

[1]         The remaining defendants were dismissed upon motion or stipulation.

comply with Rule 38.1. This Court subsequently dismissed the Injunction Appeal as moot "[b]ecause the superior court has dismissed all of the underlying claims in this case for lack of prosecution . . . ." Eastwood moved for reconsideration of the dismissal of his claim for lack of prosecution, but did not move for relief from judgment pursuant to Arizona Rule of Civil Procedure 60(c).[2] He argued that the superior court lacked jurisdiction to dismiss the case while the Injunction Appeal was pending and requested relief under the savings statute, A.R.S. § 12–504.[3] The superior court denied Eastwood's motion and affirmed its prior judgment of dismissal.

¶5 Eastwood again moved for reconsideration, which the superior court denied. Thereafter, Eastwood moved for a continuance on the matter on the inactive calendar for 60 days, pending the resolution of his petition for review filed with the Arizona Supreme Court. The superior court granted Eastwood's unopposed motion and continued the matter on the inactive calendar until August 5, 2013.

¶6 In August 2013, the superior court issued a final judgment of dismissal. Eastwood timely appealed from that judgment.[4] We have jurisdiction pursuant to A.R.S. § 12-2101(A)(3)[5]; *Campbell v. Deddens*, 93

---

[2] "To obtain relief under Rule 60(c), a movant must show that one of the reasons for relief described in clauses (1) to (6) applies, that she acted promptly in seeking relief, and that her claim was meritorious." *Bickerstaff v. Denny's Restaurant, Inc.*, 141 Ariz. 629, 631, 688 P.2d 637, 639 (1984) *disapproved of on other grounds by Panzino v. City of Phoenix*, 196 Ariz. 442, 445-46 n.3 ¶ 8, 999 P.2d 198, 201–02 n.3 (2000).

[3] Two days before moving for reconsideration, Eastwood re-filed the identical complaint in superior court, under a new case number, CV 2012-017539. That case remains pending in superior court.

[4] Apple Defendants argue that the August 2013 judgment of dismissal did not apply to either Atlas Defendants or Apple Defendants and was intended to "clear the non-participating parties off the docket." We find no support in the record that the judgment of dismissal was so limited.

[5] Although Eastwood purportedly appeals from the second judgment of dismissal (dated August 23, 2013), his opening and reply briefs reference the first judgment of dismissal (dated May 23, 2012), the motions to reconsider that he filed following the first dismissal, and the superior court's denial of those motions. We note that Eastwood's appeal from the

Ariz. 247, 250, 379 P.2d 963, 965 (1963) (holding that an order dismissing a case for lack of prosecution is an appealable order).

## DISCUSSION

**¶7** Eastwood appeals the dismissal of his claim for lack of prosecution. We review the superior court's order of dismissal for lack of prosecution for an abuse of discretion. *Slaughter v. Maricopa County*, 227 Ariz. 323, 326 ¶ 14, 258 P.3d 141, 144 (App. 2011). "An abuse of discretion occurs where the court's reasons for its actions are clearly untenable, legally incorrect, or amount to a denial of justice." *Bowen Prod., Inc. v. French*, 231 Ariz. 424, 427 ¶ 9, 296 P.3d 87, 90 (App. 2013) (internal quotation marks omitted).

**¶8** Eastwood first contends that the Injunction Appeal divested the superior court of jurisdiction over the remaining claims and rendered the judgment of dismissal void. Apple Defendants contend that the superior court retained jurisdiction over the underlying claims, excluding the injunction, throughout the appeal.

**¶9** "When a party appeals a preliminary injunction, the trial court loses jurisdiction over the injunction but retains jurisdiction over the remainder of the case." *State ex rel. Corbin v. Tolleson*, 152 Ariz. 376, 379, 732 P.2d 1114, 1117 (App. 1986); *Castillo v. Indus. Comm'n*, 21 Ariz. App. 465, 467-68, 520 P.2d 1142, 1144–45 (1974). In this case, Atlas Defendants and Apple Defendants appealed from the superior court's order granting a preliminary injunction. During the pendency of the Injunction Appeal, the superior court retained jurisdiction over the remaining claims, remedies, and parties included in Eastwood's complaint. *State ex rel. Corbin*, 152 Ariz. at 379, 732 P.2d at 1117. Because the superior court retained its jurisdiction, it did not abuse its discretion by dismissing the underlying claims for lack of prosecution.

**¶10** Eastwood next argues that the superior court erred in refusing to grant him relief under the savings statute. Apple Defendants argue that the savings statute applies only if a plaintiff acts diligently in pursuing his case.

---

first judgment is untimely and that a ruling denying a motion for reconsideration is not an appealable order. *See Spradling v. Rural Fire Prot. Co.*, 23 Ariz. App. 549, 551, 534 P.2d 763, 765 (1975). Nevertheless, we address the substantive arguments raised in Eastwood's briefs.

**¶11**          Section 12-504, commonly known as the "savings statute," provides the superior court discretionary authority to allow a new action for the same cause to commence when the new action is otherwise time-barred:

> If an action timely commenced is terminated by abatement, voluntary dismissal by order of the court or dismissal for lack of prosecution, *the court in its discretion may provide* a period for commencement of a new action for the same cause, although the time otherwise limited for commencement has expired. Such period shall not exceed six months from the date of termination.

A.R.S. § 12-504(A) (emphasis added).

**¶12**          Our supreme court examined the savings statute in *Jepson v. New*, concluding that relief under that statute requires the plaintiff to demonstrate a diligent pursuit of the case:

> Where an action is terminated for lack of prosecution, relief under the savings statute should only be granted where the plaintiff demonstrates that despite diligent pursuit of the case, it was dismissed. To hold otherwise would undermine the policies the savings statute was intended to serve . . . by providing an out for litigants who, for no good reason, fail to comply with the rule.

164 Ariz. 265, 274, 792 P.2d 728, 737 (1990). The Court emphasized "[t]he burden is on the plaintiff to present the particular circumstances that justify relief under § 12–504." *Id.* at 272, 792 P.2d at 735 (quoting *Flynn v. Cornoyer–Hedrick Architects & Planners, Inc.*, 160 Ariz. 187, 192, 772 P.2d 10, 15 (App. 1988)).

**¶13**          Eastwood requested relief under the savings statute, arguing that the superior court lacked jurisdiction to dismiss the case because of the pending Injunction Appeal. *See State ex rel. Corbin*, 152 Ariz. at 379, 732 P.2d at 1117. But Eastwood failed to set forth any facts indicating that he had diligently pursued his case or articulated the circumstances justifying relief as A.R.S. § 12–504 requires. In denying Eastwood's request for relief under the savings statute, the superior court noted: "Plaintiff does not dispute that he has never filed any disclosure statement, conducted discovery, requested a scheduling order, or done anything to prosecute the claims for negligence, gross negligence, unfair business practices, fraud, breach of fiduciary duty and conspiracy." Because Eastwood failed to sustain his

burden of proving circumstances justifying relief under the savings statute, the superior court appropriately exercised its discretion in denying his request.[6] *See Copeland v. Ariz. Veterans Mem'l Coliseum & Exposition Ctr.*, 176 Ariz. 86, 89, 859 P.2d 196, 199 (App. 1993) (holding that an order denying relief under the savings clause is reviewed for an abuse of discretion).

**¶14**  Although Eastwood admitted to having received the Order, he also argues that the Order provided him with insufficient notice of the "consequences of failing to file a Motion to Set."[7] Eastwood relies upon our Supreme Court's decision in *American Asphalt & Grading Co. v. CMX, LLC*, 227 Ariz. 117, 253 P.3d 1240 (2011), which involved a plaintiff's motion for relief under Rule 60(c) to set aside a dismissal for lack of prosecution. In *American Asphalt*, our supreme court held that a 150-Day Order from the superior court did not fulfill the requirements of the inactive calendar notification as set forth in Rule 38.1(c). *Id.* at 118 ¶ 9, 253 P.3d at 1241. Notwithstanding that finding, the supreme court explained that lack of notice is just "one factor, among many, that a court should consider in ruling on a Rule 60(c) motion." *Id.* at 119 ¶ 11, 253 P.3d at 1242. Eastwood never argued the factors necessary for relief under Rule 60(c). *See Copeland*, 176 Ariz. at 90-91, 859 P.2d at 200-01 (determining that lack of notice alone is not a sufficient basis for relief under Rule 60(c)). Accordingly, we find no abuse of discretion in the superior court's decision to dismiss the case for lack of prosecution.

**¶15**  Atlas Defendants and Apple Defendants seek attorneys' fees pursuant to A.R.S. § 12-349. Because we find that Eastwood unreasonably expanded and delayed the proceedings, we award Atlas Defendants and Apple Defendants reasonable attorneys' fees and costs upon timely compliance with Arizona Rule of Civil Appellate Procedure 21.

---

[6]  Eastwood contends the superior court erred in finding his request under the savings statute untimely. He filed his motion six months after the termination of the action. We decline to decide whether Eastwood's request was timely under A.R.S. § 12-504(A) because even assuming his request was timely, we find sufficient justification for the superior court's denial of his motion.

[7]  Atlas Defendants argue that Eastwood waived this argument by failing to raise it at trial. We note that Eastwood argued lack of notice in his second motion for reconsideration.

**CONCLUSION**

¶16        For the foregoing reasons, we affirm.



Ruth A. Willingham · Clerk of the Court
F I L E D : 10/30/2014