NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

EVELINE DUME, *Petitioner/Appellee*,

*v.*

JEAN MAX DARBOUZE, *Respondent/Appellant*.

No. 1 CA-CV 25-0369 FC

FILED 02-24-2026

Appeal from the Superior Court in Maricopa County
No. FC2018-096713
The Honorable Keith A. Miller, Judge
The Honorable Gregory J. Gnepper, Judge, *Pro Tempore*

**AFFIRMED**

COUNSEL

Eveline Dume, San Tan Valley
*Petitioner/Appellee*

Jean Max Darbouze, Ione, CA
*Respondent/Appellant*

---

**MEMORANDUM DECISION**

Judge Brian Y. Furuya delivered the decision of the Court, in which Presiding Judge Andrew M. Jacobs and Judge James B. Morse Jr. joined.

---

**F U R U Y A**, Judge:

¶1            Jean Max Darbouze ("Father") appeals the superior court's order denying his motion to modify legal decision-making authority. Finding no error, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2            Eveline Dume ("Mother") and Father married in 2011 and have one child, who was born in 2012. Father is currently incarcerated in California. In November 2018, Mother petitioned for dissolution of their marriage in Arizona. As relevant here, Mother requested sole legal decision-making authority and child support.[1]

¶3            Mother asked the superior court to allow alternative service on the grounds that she could not find a current address for Father to serve him personally. The court granted Mother's request and ordered her to serve, post, and mail a copy of the documents to Father at his last known address or any other known residence. The court also ordered Mother to post a copy to Father's Facebook page. Mother provided proof of alternative service by posting the documents on Father's last known address at an apartment in California and by publication. After receiving no response, Mother applied for a default judgment.

¶4            In September 2019, the superior court entered a default decree of dissolution granting Mother sole legal decision-making authority, supervised parenting time, and ordering Father to pay $341 per month in child support.

---

[1]      In her dissolution petition, Mother claimed no knowledge of any other pending custody proceedings. Although no other proceeding was *pending* when Mother petitioned for dissolution, the parties' 2017 California custody proceeding was dismissed for failure to prosecute in 2018.

**¶5** Over five years later, Father filed a "motion for modification" seeking to modify child support and requesting a paternity test. His motion is identical to his opening brief in this appeal. Father questioned paternity and argued that Mother lied when she claimed not to know where he was in 2018.

**¶6** The superior court sua sponte treated Father's motion as a request for relief from the default decree under Arizona Rule of Family Law Procedure ("Rule") 85. The court denied Father's motion as untimely. Father filed several notices of appeal from this order. We stayed the appeal because the superior court did not sign the default decree or the order denying post-decree relief and neither order complied with Rule 78(c). The superior court later signed the orders and included the required language from Rule 78(c). We have jurisdiction under Arizona Revised Statutes ("A.R.S.") Section 12-2101(A)(2).

## DISCUSSION

**¶7** Mother did not file an answering brief with this court. We generally treat an appellee's failure to file an answering brief as a confession of reversible error, but that rule is not mandatory in cases involving the best interests of children. *Hoffman v. Hoffman*, 4 Ariz. App. 83, 85 (1966); *accord Savord v. Morton*, 235 Ariz. 256, 259 ¶ 9 (App. 2014); *Mayberry v. Stambaugh*, 1 CA-CV 23-0289 FC, 2024 WL 1282653, at *5 ¶¶ 19–20 (Ariz. App. March 26, 2024) (Morse Jr., J., specially concurring) (mem. decision).[2] Further, Father did not raise any debatable issues, so we do not treat Mother's failure to file an answering brief as a confession of error. *Cf. Honsey v. Honsey*, 126 Ariz. 336, 337 (App. 1980) ("Where the appellant raises debatable issues, failure to file an answering brief constitutes a confession of reversible error."). Thus, we address the merits of Father's appeal.

**¶8** We review the denial of a motion for relief from a judgment for an abuse of discretion. *Quijada v. Quijada*, 246 Ariz. 217, 220 ¶ 7 (App. 2019). Although titled a motion to modify, the substance of Father's motion sought relief from the default decree. Based on the arguments in Father's motion, the superior court properly treated the motion as a motion for relief under Rule 85. *See* Ariz. R. Fam. Law P. 85(b)(3), (6) (authorizing relief from judgment based on misrepresentation or other misconduct of opposing

---

[2] Under Arizona Supreme Court Rule 111(c)(1)(C), memorandum decisions issued after January 1, 2015 may be cited "for persuasive value" if no published opinion adequately addresses the issue.

party or any other reason justifying relief). "[T]he nature of a motion will be determined by its substance and not by its title . . . ." *State ex rel. Corbin v. Tolleson*, 152 Ariz. 376, 380–81 (App. 1986); *see also Hegel v. O'Malley Ins. Co., Inc., Agents & Brokers*, 117 Ariz. 411, 412 (1977) (courts may consider the substance of a motion, rather than the title, and address the motion accordingly).

¶9        A Rule 85 motion must be filed "within a reasonable time[,]" and when the motion is based on misrepresentations or misconduct, the motion must be filed within six months of the entry of judgment. Ariz. R. Fam. Law P. 85(c)(1). The superior court properly found that Father's motion, which was filed over five years after the decree, was untimely. Father gave no explanation as to why he waited over five years to challenge the default decree. On appeal, Father does not address the court's finding that his request for relief was untimely. Instead, he submits the same arguments from his motion verbatim.

¶10        Father did not appeal from the decree and did not seek other relief in a timely manner. He cannot now challenge the default procedures, the entry of default, or the terms of the decree. Should Father experience a substantial and continuing change in circumstances, he may petition to modify the child support order under A.R.S. Section 25-327(A) or the legal decision-making and parenting time orders under A.R.S. Section 25-411. The superior court did not err in denying Father's motion to modify.

## CONCLUSION

¶11        We affirm the order denying Father's motion to modify.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:                JR

4